# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9404 | **DATE** | 6/29/2004 |
| **CASE TITLE** | Hussain vs. TCF Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 08/05/04 is stricken. Plaintiffs' motion for leave to file second amended complaint is entered and continued to 07/28/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, defendant TCF Bank's motion to sever is granted. Defendant TCF Bank's motion to separate the trials is terminated as moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 3 0 2004 date docketed | | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MW6 | courtroom deputy's initials | 2004 JUN 29 PM 5:18 | | |
| | | TCF - Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARSHAD HUSSAIN, HAROON BHERI, and IZHAR AHMAD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 9404 |
| TCF BANK, and TCF FINANCIAL CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
JUN 3 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant TCF Bank's ("TCF") motion to sever Plaintiffs' claims or alternatively, to separate the trials. For the reasons stated below, we grant the motion to sever.

## BACKGROUND

Plaintiffs allege in the first amended complaint that TCF employed Plaintiff Arshad Hussain ("Hussain") as a Branch Manager. (A Compl. 9). Plaintiffs claim that Hussain opposed employment discrimination that he discovered at TCF in September of 2002. (A Compl. 10). Plaintiffs also claim that because of Hussain's

1



opposition to the discrimination, and because of Hussain's religion, national origin, race, and ancestry, he was denied a promotion to a Regional Manager position. (A Compl. 11). Plaintiffs also allege that Hussain was unlawfully denied a promotion to a Senior Manager position, and put on probation. (A Compl. 14). In addition, Plaintiffs allege that Hussain complained to the Regional Manager about discrimination on March 3, 2003, and that on March 18, 2003, Hussain informed the Regional Manager that he was filing a discrimination and retaliation complaint with the Illinois Department of Human Rights. (A Compl. 15, 16). Plaintiffs further allege that on March 19, 2003, Hussain was fired. (A Compl. 17)

Plaintiffs allege that TCF employed Plaintiff Haroon Bheri ("Bheri") from October of 1998 to February of 2003 and that he was an Assistant Manager From February of 2001 to February of 2003. (A Compl. 19). Plaintiffs also allege that between May of 2001 and Novermber of 2002, Bheri was denied a promotion to a Branch Manager position at the Danada location on four occasions and that "younger, non-Pakistani, non-Muslim" applicants were chosen each time for the position. (A Compl. 20). Plaintiffs contend that Bheri was not chosen for the positions because he complained about discrimination and because of his religion, national origin, ancestry, race, and age. (A Compl. 21, 22). Bheri claims that he complained about harassment at work and that he was thereafter transferred and then terminated in February of 2003. (A Compl. 22).

Plaintiffs also allege that TCF employed Plaintiff Izhar Ahmad ("Ahmad") as

an Assistant Manager from 2001 until May of 2003. (A Compl. 24). Plaintiffs allege that in 2002 and 2003, Ahmad was not promoted to vacant Branch Manager positions because of his religion, national origin, race, ancestry, and because Ahmad complained about discrimination. (A Compl. 28). Plaintiffs also claim that Ahmad's Regional Manager harassed him starting in July of 2002. (A Compl. 25) Plaintiffs contend that in August of 2002, Ahmad complained about the harassment to the Assistant Director of Human Resources and that subsequently, Ahmad was transferred repeatedly. (A Compl. 27). Plaintiffs do not allege that TCF terminated Ahmad's employment. Instead Plaintiffs allege that in May of 2003, Ahmad was constructively discharged. (A Compl. 30).

## LEGAL STANDARD

Federal Rule of Civil Procedure 20(a) provides:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants

3

according to their respective liabilities.

Fed. R. Civ. P. 20(a). Although a court cannot dismiss an action due to misjoinder, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just . . .[and] [a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. *See also Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)(stating that "[i]t is within the district court's broad discretion whether to sever a claim under Rule 21."); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991)(stating that "Fed.R.Civ.P. 21 allows a court to sever claims that are logically distinct. . . .").

## DISCUSSION

In the instant action, the claims of the three named plaintiffs do not rise from "the same transaction, occurrence, or series of transactions or occurrences. . . ." Fed. R. Civ. P. 20(a). The named plaintiffs each advance a claim that involves distinct employment actions and involves a unique sets of circumstances. Plaintiffs argue that they can join Plaintiffs' actions merely because Plaintiffs were allegedly discriminated against by some of the same supervisors during the same general period. While such an approach may be convenient to Plaintiffs' counsel, and it requires Plaintiffs to only file one filing fee rather than three filing fees, such an approach is not in accordance with the law. The joinder rule is intended to serve

4

judicial efficiency. *Vasilakos v. Corometrics Medical Systems, Inc.*, 1993 WL 390283, at *4 (N.D. Ill. 1993). Such a purpose will not be served if we proceed in this action on what are clearly three entirely separate employment discrimination actions.

There are many factual differences between the claims that illustrate that Plaintiffs' claims are indeed entirely separate claims arising from different occurrences. Hussain was employed in a different position than Bheri and Ahmad. The time period of alleged discrimination for each Plaintiff does not directly coincide. Plaintiffs allege a variety of adverse employment actions taken against them which include being denied a promotion, being put on probation, being transferred, and being terminated. Unlike Hussain and Bheri, Ahmad resigned from his position and argues that he was constructively discharged.

Each individual Plaintiff has advanced claims that will require a separate analysis of the plaintiff's work performance, qualifications, and the actions taken against him. The court will also need to consider the qualifications of other employees that each individual plaintiff competed with for the promotions and consider each of the plaintiff's supervisor's conduct and history with that particular plaintiff. The sets of transactions and occurrences involved in each of Plaintiff's claims are entirely distinct. Clearly, Plaintiffs have improperly sought to join three distinct claims in one action. Therefore a severance of Bheri's claims and Ahmad's claims into separate actions is warranted in this instance.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to sever.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 29, 2004